Good morning, your honors. May it please the court, I'd like to reserve attorney Michael Rohr for petitioner Daniel Santiago Flores-Guerrero. I'd like to respectfully reserve two minutes for rebuttal. Keep your eye on the clock. Thank you, your honor. Petitioner entered the United States in June 2006 at the age of 16. Regrettably, he failed to appear at a removal hearing and he was ordered removed. However, he was subsequently able to reopen those proceedings. Mr. Flores seeks to establish that he's a member of a cognizable social group. Specifically, he's defined his social group as witnesses to criminal activity who have cooperated with law enforcement or who are perceived to have cooperated. So what's cooperation mean? That's a rather vague term. In Mr. Flores' case, his cooperation would be the act of filing a police report. Except that's not a definition, that's an example. What the BIA was charged with was deciding whether the proposed group is a group and then separately, if it is, whether your client is a member of it. So it isn't as narrow as persons who have filed a police report when attacked by a gang. It's much, as phrased, it seems much more vague. So what does it mean to cooperate with law enforcement or be perceived to have cooperated? Well, your honor, Justice Graber, I would argue that cooperating with law enforcement is the act of facilitating and working with law enforcement to solve a crime, to assist in the resolution of crime, to essentially assist the authorities in coming to a conclusion of stopping crime. You mean like being a snitch is what you're suggesting? No, I think there's a societal interest in preventing crime. Oh, no, no. I'm not saying that in a bad way. Okay. But I'm just saying that the bad guys, your client is a snitch. I would agree with that statement. And in Mr. Flores' case, if we were going to kind of, I understand Judge Graber's question here, but if we were to recharacterize it, which I'm not sure we can do, but if we could, it would be that your client's afraid of being labeled a snitch. And that he's faced retribution on account of his testimony with law enforcement. Right. Because that's the whole idea of perceived to have cooperated, is that he's perceived to have been someone who is a snitch for the cops. Correct. By the persecutors. By the 18th Street Gang. Correct. Which could mean anything, it seems to me. I mean, if a police officer stopped to ask directions to, you know, XYZ Road, and he was seen talking to them, that could be perceived as a cooperator. So why is the BIA's conclusion that that is overbroad and indistinct, incorrect? Well, I believe the distinction in Mr. Flores' matter is that he was actually the victim of a crime by the 18th Street Gang. But that's again conflating the definition of the group with what specifically happened to your client. What the BIA had to do with, say, is this proposed group a real group under our standards? So we can't just look at what happened to your client. Agreed. What we're trying to state in Mr. Flores' matter is that he was, he's the member of a group that has been victimized and has sought to remedy that by going to the police, going to the law enforcement. Now are you, now the word's not there, but when you say cooperation, are we expected to, something more than just the police says move back and you move back and so, substantial cooperation? Substantial cooperation in resolving investigations or assisting investigations of criminal activity? I mean, what sorts of things can we permissibly sort of infer from the word cooperation? I'm pushing along the same line as Judge Graber's questions. I understand, Your Honor. I would argue that simply stating that I went to the police station and told them would probably not be sufficient. However, in Mr. Flores' case, he actually made a police report. It's in the record, the police report that he made through his stepfather. He actually took a substantial step. He didn't just go to the police and say or stop a police officer on the street. He actually went with his stepfather to the police department, made a formal report. The police, one would presume that the police are going to investigate that situation. So I would argue that he has taken a substantial step, not just simply stated that I've been victimized. I would agree, case law makes it clear that one who's victimized is not a valid social group. However, here he's taken that step to report to the police and subsequent to taking that step, the 18th Street gang members approached him in the city of San Miguel and we're aware of that and we're aware that he With regard to particularity in respondent's matter or petitioner's matter, he would argue that the group has definable boundaries. It's inclusive of those who have been victimized by gang activity and have reported said activities to the police. The boundaries are clear as not all victims cooperate with the police. In regard to social distinction, one would identify Mr. Flores' group as those individuals who have been victimized by gangs and have reported to the police. Even in agency cases such as WGR, society need not be able to easily identify who is a member of the group, but it must be commonly recognized that the shared characteristics is one that defines the group, such as those opposed to female genital mutilation and homosexuals. Okay. Respondent believes, or petitioner believes, I apologize your honor, that the actions by the police in this, the actions by the 18th Street gang and his action of visiting the police to report said incident and the subsequent harm that ensued on account of him reporting the incident to the police classifies him as a distinct particular social group in this matter. Well, if we were not to expand the definition of social group in the way that I think you're trying to do and merely say, does he fit into the social group that we've described in Enrique's Rivas, would that work? That is to say, as we did it in Enrique's Rivas, it was informed against. Well, that basically means provide information to the police, hostile to or detrimental to the gang. Well, that sounds like what he did. It is. The distinction is in this case, and as the agency discussed, he did not testify in court because the police never found him, but he's taken that step. It's not simply that he was a victim of gang activity. He's taken the step. Yeah. Okay. Let's hear from the other side and then you'll have a chance to Good morning again, Your Honor. Dan Goldman, on behalf of the Attorney General, the government would ask this court to uphold the agency decision and deny the petition for review at bottom. This case is about gang resistance. Mr. Flores-Guerrero's resistance to the gangs. The harm that he faced, the harm that he fears is based on that. He also fails to define a cognizable particular social group based on this court's precedent, the board's precedent, and for those reasons, the government would urge this court to uphold the agency decision. To address one of the questions that was raised earlier, would Enrique's Rivas somehow include what happened in this case or could it be applied? The government would argue that it cannot. In that case, the decision specifically referenced the fact that there is a Salvadoran law that grants protection to witnesses, individuals who have come forward, who have testified in court. There's no evidence on this record that someone in petitioner's situation would receive those same protections. The requirement for a particular social group includes that social visibility. It's not simply does the gang see this individual, it's does society, Salvadoran society, view this as a group? And so the government's position is that the filing of a police report, albeit by his stepfather, does not qualify him as a member of a particular social group. I understand that in Enrique's Rivas, the petitioner did testify in court, but I'm not sure the case is so It's true that informants against criminal cartels generally take pains to stay out of public view. Those informants who are discovered, however, are socially visible. Thus, I'm skipping, thus anti-cartel informants who might not be recognizable on site as members of that group would be socially visible, particularly to revenge-seeking cartel members if their identity were discovered because they testified in court. Now, it's possible to read that as saying, well, this is one way in which their cooperation could have been discovered, but not limited to that method of their identity being discovered. I understand Your Honor's point. I think in this case, we're lacking a record that would support that ultimate expansion of Enrique's Rivas to the situation in this case. Here you have certain facts are undisputed. The police report is filed. Later on, there's an indication that somehow the gang found out about the police report being filed. That's visibility to the gang, but visibility to the gang does not mean visibility in Salvadoran society. And that's the requirement for a cause of social group. I just read, thus anti-cartel informants who might not be recognizable on site as members of that group would be seems to count, as we wrote that opinion, was to the cartel members or here to the gang members. Not just to Joe Schmo, but to the gang members who are going to exact some sort of revenge or punishment. And Your Honor, I think I was focusing perhaps on the very first part of what you were reading, which is the ocular visibility requirement, where it is not a requirement for someone to be able to be recognized on site. It's the perception of, in this case, Salvadoran society that Enrique's Rivas case discussed. And I'm not going to read the court's decision to you, but my recollection from the decision was that it was that along the lines of there could be no greater recognition by society of social visibility, Salvadoran society recognizing that than the passage of a law to protect witnesses. We don't have that situation here. And it's not clear, again, from the record, that simply filing a police report would produce the sort of social visibility that's required to qualify as a particular social group. In addition, Your Honor, the claim fails in this case because, as the immigration judge on the board explained, the harm that was faced was due to the gang resistance, and that's the one central reason language that applies in the asylum context, not that the gang resistance was the overwhelming reason for why the petitioner faced harm and fears harm. So his claim fails on two levels. First, it's definition of a social group. Second, it's, is the harm that he faced and fears on account of membership in a social group. And he- So you read the decision as resting also on the question of nexus? The agency decision, Your Honor? Yes. Yes, Your Honor, we do. And what's the language that says that filing the police report was not a central reason? Of course, that's the language of the statute is not the, but a central reason. Specifically, Your Honor, the immigration judge's decision on page 9 of the immigration judge's decision, it's page 43 of the record, where the immigration judge says, even if that were to constitute a social group- Okay, I got page 9, so where are you on the page? Last full paragraph, Your Honor. Moreover, even if that were to constitute a social group- Yes, Your Honor. Even if that were to constitute a social group, the court would not find that it would be one central reason for any problem he had in the past, if most of his problems. And did the IJ, did the, excuse me, did the BIA affirm on that ground? It affirms that on page 3, it says, for the reasons stated by the immigration judge. And then it doesn't talk specifically, well, yes, it does in that paragraph. We would agree with Judge Graber's read of that decision, Your Honor. It's the third paragraph on AR3. Yeah, that's, it's not quite as precise as one might want it, but I see the language you're- Yes, Your Honor, I would agree that the language from the board does not go through and simply reiterate against word for word what the IJ said, but the IJ made that very, did address it specifically. The board agrees for the reasons stated by the IJ, so we would, we would submit that that is the alternative finding. Yeah, the sentence says, the response to fear of harm arises in large part from his resistance to recruitment and gang membership, and does not support membership in a particular social group. Now, they just took a left turn in the second half of that sentence and didn't say that it was not a central reason filing the police report. They're going back to saying, well, we don't agree with the definition of the social group. I think there is branching off, I'm not going to get into diagramming the sentence, Your Honor, but I think when you look at what the immigration judge said, it is specific, it does specifically address that point. Subject to the court's questions.  Thank you, Your Honor. Thank you, Your Honor. It's, it's clear that in this case that the record may not support an expansion of Henriquez-Rivas in this case. You mean it may not support an application of Henriquez-Rivas to this case? Correct. Not an expansion, but rather an application? An application to this case.  I would argue that remand is appropriate under these circumstances. When Henriquez-Rivas was decided, social visibility was looking towards the persecutors themselves. Subsequent to that, this court, as well as the board, has issued cases since the decision by the judge in this case in 2013, have issued multiple cases further clarifying that standard in this matter. Petitioner would ask for that opportunity to further supplement the record as to the view of society in this case of his proposed social group. With regard to the harm that respond, that petitioner suffered, he would also ask this court to consider the fact that he was harmed or at least threatened with harm subsequent to the reporting of the incident to the police and filing of the police report when he was approached. On the fourth occasion. Therefore, petitioner would ask that this court consider his arguments and remand the matter to the agency for further consideration. Okay, thank you very much. Thank both sides for their helpful arguments. Flores-Guerrero, now submitted for decision.
judges: Graber, W. Fletcher, Owens